Jonathan Schwalb, Esq.
Friedman Vartolo LLP
85 Broad Street, Suite 501
New York, New York 10004
Attorneys for SN Servicing Corporation as servicer for U.S.
Bank Trust National Association as Trustee of the Cabana
Series III Trust
P: (212) 471-5100
Bankruptcy@FriedmanVartolo.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

|  |  |
|---|---|
| IN RE: | CASE NO.: 19-23454-shl |
|  | CHAPTER: 13 |
| Cassandra Bevilacqua |  |
|  | HON. JUDGE.: |
| Debtors | Sean H. Lane |
|  | HEARING DATE: |
|  | July 7. 2021 at 10:00 A.M. |

-----------------------------------------------------------------X

## OPPOSITION TO DEBTOR'S MOTION TO SELL REAL PROPERTY

     Jonathan Schwalb, an attorney admitted to practice before the United States Bankruptcy Court for the SOUTHERN DISTRICT OF NEW YORK, hereby affirms the following to be true under the penalty of perjury:

    1.  SN Servicing Corporation as servicer for U.S. Bank Trust National Association as Trustee of the Cabana Series III Trust (hereinafter "Secured Creditor"), by and through its attorneys, Friedman Vartolo LLP, submits this affirmation in response to the motion of Cassandra Bevilacqua (hereinafter "Debtor"), dated June 3, 2021 seeking to sell the real property located at 243 Stone Avenue, Yonkers, NY 10701 (hereinafter "Property").

    2.  The Debtor filed a Chapter 13 Bankruptcy Petition on August 12, 2019.

3.    When the instant Bankruptcy Case was filed, the Loan was held and serviced by BSI Financial Services as servicer for U.S. Bank Trust National Association as Trustee of the Cabana Series III Trust ("BSI"), BSI filed a timely Proof of Claim, on the Court's Claim Register as claim number 9-1 (hereinafter "Proof of Claim"), evidencing the loan, which detailed a total debt at the time of filing in the amount of $429,349.74.

4.    The Loan was then service transferred to the Secured Creditor, as evidenced by a Transfer of Claim on June 30, 2021.

5.    The Debtor's Motion now seeks court approval to sell the Property free and clear of all liens pursuant to 11 U.S.C.  §§ 363(b) and (f), for the sum of $325,000.00. As set forth below, this Motion should be denied.

6.    Section 363(f) of the Bankruptcy Code, provides five conditions under which the property of the estate may be sold as free and clear of liens, and said conditions can be paraphrased as: Applicable non-bankruptcy law permits a sale free and clear of liens; the entity whose lien is being cleared consents; the interest that is being cleared is a lien and the relevant property is to be sold at a value that is greater than the aggregate value of all liens on such property; the relevant interest in bona fide dispute; the entity owning any lien interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest (*See 11 U.S.C. §§ 363(f)(1)-(5)*).

7.    The Motion states that Debtor has obtain a contract of sale for the Property in the amount of $325,000.00. The total amount due on the lien, good through July 30, 2021 is $422,808.20. Debtor would therefore need short sale approval by the Secured Creditor. The Debtor has yet to submit a short sale package to the Secured Creditor for review. As the Debtor has yet to be approved for a short sale, pursuant to 11 U.S.C. § 363(k), Secured Creditor is entitled to a full credit bid. Secured Creditor respectfully requests that it be provided with adequate protection under 11 U.S.C. § 363(k).

8.    Furthermore, the Debtor has not applied to the Court for retention of a real estate broker or closing attorney, and the Debtor has not obtained short sale approval. Accordingly, the Debtor's Motion to sell is premature.

9.    Secured Creditor has not received any proposed HUD-1 or closing statement, therefore Secured Creditor cannot fully understand the true net proceeds of this supposed sale.

10. Secured Creditor also requests that adequate protection payments be made pending the closing.

**WHEREFORE**, Secured Creditor respectfully requests that the Debtor's Motion be denied to the extent outlined above and for all other and further relief as is just and proper.

Dated: New York, NY
      June 30, 2021

By: /s/ Jonathan Schwalb
Jonathan Schwalb, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for SN Servicing Corporation as servicer
for U.S. Bank Trust National Association as Trustee
of the Cabana Series III Trust
1325 Franklin Ave, Suite 160
Garden City, NY 11530
T: (212) 471-5100
F: (212) 471-5150